**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| Oriana F Distefano, et al., )<br><br>Plaintiff, )<br><br>v. )<br><br>Bank Of America, N.A., et al., )<br><br>Defendant. ) | Civil Action No.<br>25-10272-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court is the motion of plaintiffs Raffaella and Oriana Distefano (collectively, "plaintiffs") for reconsideration and leave to amend the complaint (Docket No. 29). Plaintiffs' motion follows the Order of this Court (Docket No. 27, "the Order") granting the motions to dismiss of defendants Bank of America, N.A. ("BANA") and Early Warning Systems, d/b/a ZellePay.com ("EWS") (collectively, "defendants"). For the following reasons, plaintiffs' motion will be denied.

## I. Background

### A. Facts

In February, 2022, plaintiffs became aware of several unauthorized withdrawals from their BANA account through Zelle, a money-transfer mobile application operated by EWS, totaling

-1-

approximately $48,000.  BANA initially indicated that the withdrawals had been made without proper authorization, but, upon further investigation, found that the transfers had been properly authenticated.  BANA froze plaintiffs' accounts and declined to refund the lost funds for several months.

In December, 2022, plaintiffs sent a letter to BANA pursuant to M.G.L. c. 93A giving written notice of their intent to file a civil action against the bank.  In response, BANA refunded the lost funds but offered no settlement with respect to plaintiffs' demand for $300,000 in alleged damages.

In May, 2025, plaintiffs filed an amended complaint (Docket No. 9) asserting 1) a claim under the Electronic Funds Transfer Act ("EFTA"), 2) breach of contract, 3) violations of M.G.L. ch. 93A ("Chapter 93A)"), 4) negligence and 5) negligent infliction of emotional distress.  Soon thereafter defendants moved to dismiss the complaint (Docket Nos. 12 and 16) and the Court allowed those motions in full, finding that the EFTA claims were time-barred and that the complaint otherwise failed to state claims for relief under any count.  Plaintiffs timely filed the pending motion for reconsideration pursuant to Fed.R.Civ.P. 59(e) (Docket No. 29).  They also seek leave to file an amended complaint pursuant to Fed.R.Civ.P. 15(a)(2).

## II.   Motion to Reconsider

### A. Legal Standard

Plaintiffs move the Court to reconsider the Order pursuant to Fed.R.Civ.P.59(e).   Rule 59(e) permits a party to file a motion to alter or amend a judgment within 28 days of its entry, but it is an extraordinary remedy that should be used sparingly. Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006). Relief should not be granted unless the movant shows 1) an intervening change in the law, 2) discovery of new evidence or 3) a manifest error of law. Heng Ren Invs. LP v. Sinovac Biotech Ltd., 609 F. Supp. 3d 17, 19 (D. Mass. 2022).   Courts will not address new arguments or evidence that the moving party could have previously raised.   Banister v. Davis, 590 U.S. 504, 508 (2020).

### B. Application

Plaintiffs first argue that because much of the complaint was dismissed for pleading deficiencies, the Court committed a manifest error of law by not granting plaintiff leave to amend. They are incorrect.   Plaintiffs made no request to amend the complaint, formal or otherwise, and the Court is under no obligation to grant such relief sua sponte. Gray v. Evercore Restructuring L.L.C., 544 F.3d 320, 327 (1st Cir. 2008). Plaintiffs were on notice of the pleading deficiencies since the defendants filed their motions to dismiss and any request to

-3-

correct such deficiencies should have been made at that time. See Fire & Police Pension Ass'n of Colorado v. Abiomed, Inc., 778 F.3d 228, 247 (1st Cir. 2015).  The motion for reconsideration will be denied on that ground.

Next, plaintiffs contend that the Court committed a manifest error of law by applying the heightened pleading standard of Fed.R.Civ.P. 9(b) to their Chapter 93A claims.  A Chapter 93A claim focusing on fraud triggers the heightened Rule 9(b) pleading standard.  Valley Children's Hosp. v. Athenahealth, Inc., 2023 WL 6065800, at *4 (D. Mass. Sept. 18, 2023).  The Court determined that the claims sounded in fraud and therefore applied that standard.

Plaintiffs offer no reason why their argument could not have been raised in opposition to defendants' motions to dismiss.  The complaint, along with plaintiffs' oppositions to the motions to dismiss, consistently refer to defendants' conduct as fraudulent.  Because plaintiffs could have argued against the application of Rule 9(b) but chose not to, the motion to reconsider will be denied on that ground.

### III. __Motion to For Leave to File an Amended Complaint__

Under Fed.R.Civ.P. 15(a)(2), a party may amend a complaint after 21 days of filing only with consent of the opposing party or leave of the Court.  A motion for leave to amend cannot be

allowed after entry of judgment unless that judgment is vacated. Palmer, 465 F.3d at 30.

The judgment in this case has not been vacated and thus plaintiffs' motion cannot be allowed. In any event, plaintiffs' proffered amendments likewise fail to state viable claims for relief and amendment would therefore be futile. The motion for leave to amend the complaint will be denied.

### ORDER

For the forgoing reasons, the motion for reconsideration and leave to file an amended complaint (Docket No. 29) is **DENIED**.


**So ordered.**


_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: June 25, 2026

-5-